UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SAMUEL COLEMAN                                                                    PETITIONER

V.                                                          CIVIL ACTION NO. 3:07CV748 DPJ-JCS

STATE OF MISSISSIPPI                                                              RESPONDENT

ORDER

This habeas petition is before the Court on the Report and Recommendation of Magistrate F. Keith Ball. Judge Ball concluded that Coleman's petition should be dismissed with prejudice. Coleman objected to the Report and Recommendation, but this Court concludes that it should be adopted in its entirety.

Coleman was convicted of rape and aggravated assault in the Circuit Court of Hinds County, Mississippi. Evidence against him included a positive DNA test taken from semen removed from the victim along with her testimony that Coleman raped her. According to Coleman, the sexual contact was consensual. Coleman's petition under 28 U.S.C. § 2254 relates to eleven close-up photographs of bruises and other marks on the victim's body. Although listed in documents produced during discovery, the photographs were apparently misplaced and not produced until mid-trial. Coleman claims that the late disclosure violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

In *Brady*, the United States Supreme Court held that when a state suppresses evidence favorable to an accused that is material to guilt or to punishment, the state violates the defendant's right to due process. *Id*. To make a *Brady* claim, Coleman must prove that

> (1) the prosecution did not disclose evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material. Evidence is material if there is a reasonable probability that the outcome of the trial would have been different had such evidence been revealed to the defense. The question is not whether the

defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.

*United States v. Valencia*, 600 F.3d 389, 418 (5th Cir. 2010) (internal citations and quotations omitted). Additionally, for a *Brady* violation to have occurred, the undisclosed evidence must be such that it was not discoverable through due diligence. *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997).

In this case, the Court agrees with the magistrate judge's findings and notes in particular that the evidence was discoverable through due diligence, the photographs were not favorable to the defense, and there has been no showing of materiality given the nature of the photographs and the other strong evidence of guilt.

The Court, having fully reviewed the Report and Recommendation of the United States Magistrate Judge entered in this cause and the objections thereto, and being otherwise duly advised in the premises, finds that said Report and Recommendation should be adopted as the opinion of this Court.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 26th day of May, 2010.

                                           s/ *Daniel P. Jordan III*
                                           UNITED STATES DISTRICT JUDGE